MEMORANDUM **
Petitioner Guo Song Lin petitions for review of the Board of Immigration Appeals’ (“BIA”) decision denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (“CAT”). The BIA denied all forms of relief, relying on only one of the immigration judge’s three justifications for finding Petitioner not credible: that Petitioner’s Chinese Resident Identification Card was counterfeit.
We review an adverse credibility finding for substantial evidence. Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006). Athough this standard is highly deferential, the reason identified for disbelieving a petitioner’s testimony must “strike at the heart of the claim.” Id. (quoting Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004)). “An inconsistency goes to the heart of a claim if it concerns events central to petitioner’s version of why he was persecuted and fled.” Singh, 439 F.3d at 1108.
In this case, the Resident Identification Card did not go to the heart of Petitioner’s claim. As in Chen v. INS, 266 F.3d 1094 (9th Cir.2001), overruled on other grounds by INS v. Orlando Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), the document was not submitted to prove any event central to Petitioner’s alleged persecution in China. Moreover, Petitioner submitted three other pieces of evidence attesting to his identity—a birth certificate, a household registry, and a marriage certificate—none of which the BIA questioned as to authenticity or persuasive value. Accordingly, Petitioner’s *48 submission of a counterfeit identification card does not support the BIA’s adverse credibility finding.
In Soto-Olarie v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009), we recently explained that our precedent permits us either to direct the BIA on remand to deem a petitioner credible or to remand on an open record, depending on the circumstances. Here, the IJ gave three reasons to disbelieve Petitioner, whereas the BIA gave only one without clearly and expressly rejecting the other two. Neither did the BIA decide whether Petitioner would be denied relief for other reasons, even if he were deemed credible. In this situation, the most appropriate course is to remand the case to the BIA for reconsideration on an open record. See Gonzales v. Thomas, 547 U.S. 183, 186-87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); Orlando Ventura, 537 U.S. at 16, 123 S.Ct. 353.
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.